PER CURIAM:
These claims were consolidated for submission to the Court. The claims were brought by claimants to recover attorney's fees expended in the defense of a civil action brought by trustees for the United Mine Workers' of America 1950 Benefit Plan and Trust (hereinafter referred to as the U.M.W.A.) against claimants, in the United States District Court for the Northern District of West Virginia, for reimbursement of medical expense payments it made for treatment of union members for pneumoconiosis-related illnesses. The U.M.W.A. contended that medical services rendered to miners and paid for by the U.M.W.A. were attributable to Black Lung disease. The miners were entitled to have their employers pay for the medical services rather than the U.M.W.A.. However, the U.M.W.A. demanded reimbursement for these bills against hundreds of coal companies and their insurers.
The claimants herein were two defendants named in a civil action filed on October 31, 1986, in United States District Court by the U.M.W.A. against forty-four coal companies. Claimants, as subscribers to the West Virginia Coal Workers' Pneumoconiosis Fund, filed a third party complaint against respondent herein for indemnification of any liability as respondent is their insurer under the Black Lung Benefits Act. Respondent answered the third party complaint and claimed to be without sufficient knowledge to affirm or deny whether it would be responsible to claimants for indemnification of any liability resulting from the federal court case.
*193 On May 22, 1987, correspondence from claimants made a demand for respondent to issue an assurance that the respondent would pay any liability incurred by claimants in the pending federal litigation. Claimants also demanded that respondent indemnify and hold claimants harmless for any and all liability, and, that as a result of its failure to acknowledge this duty, respondent was also responsible for all reasonable attorneys' fees.
On November 19, 1987, respondent assured claimants by letter than respondent would indemnify claimants for any medical expense benefits determined to be owing to the U.M.W.A. from claimants in the pending federal litigation. However, respondent also informed claimants that respondent would not assume the legal defense of the claimants or reimburse claimants for their attorneys' fees incurred in defending the pending litigation.
Respondent entered into negotiations with the U.M.W.A. to settle the federal action on behalf of claimants and the other coal companies named as party defendants. On December 12, 1987, a settlement was reached by the parties. Thereupon, the federal litigation against claimants was dismissed with prejudice on January 20, 1988.
Claimants allege that respondent is liable for their attorneys' fees under the doctrine of equitable subrogation and for the reason that respondent breached its duty of good faith and fair dealing and has likewise acted contrary to law and in bad faith.
The respondent contends that the demands in the federal litigation against claimants were not supported by sufficient documentation to assure that their payments met the requirements for reimbursement as Black Lung medical expenses. These claims should be denied as there is no provision of law which allows the payment of attorneys' fees by respondent; there was no contract between the parties which requires such a payment; and respondent did not willfully fail to obey the law.
The Court is of the opinion that claimants are not entitled to recover attorney fees in these particular claims. There is no statutory authority for the payment of attorney fees by respondent to claimants. The traditional rule in this State is that without an express statutory authority the litigants bear their respective fees and costs. The West Virginia Supreme Court case of Nelson vs. W.Va. Public Employees Ins. Bd., 300 S.E.2d 86 (1982) reviews the law of West Virginia regarding attorney fees. In Nelson, the Supreme Court ordered the payment of attorney fees by a State agency when it was determined that the actions of the respondents therein evidenced a deliberate disregard of mandatory provisions in the West Virginia Code. The Supreme Court held that "A well established exception to the general rule prohibiting the award of attorney fees in the absence of statutory authorization, allows the assessment of fees against a losing party who has acted in bad faith, vexatiously, wantonly or for oppressive reasons." The reasoning in the Nelson case does not apply to the claims before this Court. The respondent was negotiating with the U.M.W.A. for settlement of the pending federal case. Substantial dollars were in question. The respondent may have been remiss in failing to answer correspondence in a timely manner to assure claimants of its intentions to represent them in the federal case; however, there were extenuating *194 circumstances for respondent during the time frame, i.e., change of counsel and change in Commissioners.
For these reasons, the Court is of the opinion to, and does, disallow these claims.
Claims disallowed.